**FILED**

**July 29, 2019**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 9:37 AM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Terrance Garcia Glenn, | ) | Docket No. 2017-06-0584 |
| Employee, | ) | |
| v. | ) | |
| Sears Outlet Stores, LLC, | ) | State File No. 48175-2016 |
| Employer, | ) | |
| And | ) | |
| Ace American Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

The Court held an expedited hearing on July 22. The two issues were the calculation of Terrance Glenn's average weekly wage and whether Sears Outlet Stores complied with the Court's previous order regarding the provision of medical benefits. For the reasons below, the Court denies Mr. Glenn's requested relief.

### Claim History

This is Mr. Glenn's second expedited hearing. For brevity, this order recounts only the pleadings and evidence relating to the current issues.

Mr. Glenn worked in sales for Sears before his injury. Following the injury, he treated with Dr. James Fish for his back and neck and Dr. John Schneider for pain management. After the first expedited hearing, the Court ordered that Sears provide treatment with Dr. Schneider. The Court further held that Mr. Glenn was entitled to past temporary disability benefits and ordered Sears to file a wage statement because neither party offered evidence on Mr. Glenn's wages. The Appeals Board affirmed the order.

Afterward, Sears filed a wage statement. It listed Mr. Glenn's wages for only twenty weeks before the alleged injury date, and a paralegal signed it rather than a Sears's representative. Nevertheless, Mr. Glenn did not object to the wage statement's accuracy. The Court used it to calculate the amount of disability benefits owed, and

1

Sears paid the benefit. Now Mr. Glenn contests the accuracy of his average weekly wage and also alleges that Sears did not provide medical treatment as ordered.

As for his past wages, Mr. Glenn introduced the image below of a computer spreadsheet summarizing his sales on April 13, 2016.

ASSOC 59592 SALES FLASH FOR 04/13/16

| DIV | NET SALES | ELIGIBLE | AGREEMNT | PERCNT |
|---|---|---|---|---|
| 8 | 19.99 | 0.00 | 0.00 | 0.00 |
| 12 | 0.00 | 0.00 | 683.98 | 0.00 |
| 22 | 3130.72 | 3130.72 | 0.00 | 0.00 |
| 26 | 1374.65 | 1374.65 | 0.00 | 0.00 |
| 46 | 5075.72 | 5075.72 | 719.99 | 14.18 |
| 62 | 0.00 | 0.00 | 476.98 | 0.00 |
| 82 | 711.17 | 0.00 | 0.00 | 0.00 |
| TOTL | 10312.25 | 9581.09 | 1880.95 | 19.63 |

Mr. Glenn said the image documented that he sold approximately $10,000 worth of merchandise and close to $2,000 in insurance that day. He offered no clarification about how this supports his position that Sears's wage statement is inaccurate. Importantly, Mr. Glenn never testified regarding the pay arrangement he had with Sears before the accident—his hourly rate and how commissions were calculated on sales of appliances and insurance. He did not introduce into evidence pay stubs or any other wage documentation.

Concerning Sears's provision of medical benefits, Mr. Glenn did not provide any medical bills or receipts from either Dr. Fish's or Dr. Schneider's office. He testified that providers discharged him from pain management due to non-payment. However, Dr. Schneider's records state he discharged Mr. Glenn for violation of his opioid agreement and "inappropriate or threatening behavior directed at staff." These records, notably, list

2

"Blue Cross Blue Shield TN" for insurance and Mr. Glenn's wife as the guarantor. Mr. Glenn testified that his wife's insurance paid for all treatment for the past three to four years, but he provided no additional evidence to support this statement.

On both issues, Mr. Glenn attempted to introduce into evidence a number of documents to bolster his positions. However, the Court sustained Sears's objections regarding his failure to lay a proper foundation to authenticate the documents. For its part, Sears offered no proof but rather argued that Mr. Glenn failed to satisfy his burden on both issues.

### Findings of Fact and Conclusions of Law

Mr. Glenn must present sufficient evidence to show he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The employee in a workers' compensation case bears the burden of proving each and every element of his claim; *see* Tenn. Code Ann. § 50-6-239(c)(6) (2018). Further, "[t]he Tennessee Rules of Evidence . . . shall govern proceedings at all hearings before a workers' compensation judge[.]" *Id.* at § 50-6-239(c)(1).

Here, Mr. Glenn offered insufficient testimony and documentary evidence to support his claim that the wage statement is inaccurate. He did not testify about the parties' agreement regarding his pay, and the spreadsheet image of his earnings does not adequately inform the Court about his hourly wage or sales commissions. At best, the image merely recaps what he sold on one particular day with little detail as to how this translated to wages. On this record, the wage statement remains the best evidence before the Court of Mr. Glenn's actual earnings.

As for the provision of medical benefits, aside from his testimony Mr. Glenn offered no admissible medical bills or other evidence to show that Sears failed to pay for his treatment. The record documenting his discharge from pain management indicates Blue Cross/Blue Shield TN and Mr. Glenn's wife were financially responsible for his treatment. This is not necessarily proof that Sears did not pay for it. At best, it proves that the clinic might have considered a third-party was financially responsible. In sum, without further evidence, the Court cannot find that Sears failed to comply with its previous order.

The Court acknowledges Mr. Glenn's frustration regarding his failed attempts to move documents into evidence. The Appeals Board has observed, however, "[W]hile we acknowledge the legitimate challenges faced by a party who proceeds without an attorney, we cannot relax the standards of proof or excuse evidentiary deficiencies." *Darraj v. McKee Foods Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *15 (Jan. 17, 2017).

3

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Glenn's requested relief is denied at this time.

2. The Court sets a status conference on **October 21, 2019, at 9:15 a.m. Central Time**. You must dial 615-532-9552 or 866-943-0025 toll-free to participate. Failure to call at the designated time might result in a determination of the issues without your participation.

**ENTERED July 29, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Evidence:
1. Affidavit
2. Wage statement
3. Medical records, Comprehensive Pain & Neurology Center
4. Sales for April 13, 2016
5. Account Information Report (Identification only)
6. Premier Orthopaedics Intake Sheet (Identification only)
7. Discharge instructions, May 20, 2016 (Identification only)
8. Hughston Clinic medical records (Identification only)
9. Progress note, Dr. David West, March 15, 2017 (Identification only)
10. Hughston Clinic medical bill, July 3, 2019 (Identification only)
11. Teamcare Explanation of Benefits (Identification only)
12. Advanced Diagnostic Imaging account record (Identification only)
13. Southern Pain Institute discharge notification (Identification only)
14. Medical records index (Identification only)
15. TriStar Southern Hills medical bill, August 21, 2016 (Identification only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Expedited Hearing Order, November 27, 2018
4. Appeals Board Opinion, February 28, 2019
5. Order on Status Conference, March 13, 2019
6. Order Setting Temporary Total Disability Benefits, March 19, 2019
7. Motion for Non-Payments, April 1, 2019

4

8. Order, April 3, 2018
9. Employer's Response to Employee's "Motion for Non-Payments," April 8, 2019
10. Show-Cause Order, April 9, 2019
11. Partial Order on Motion for NonPayments, April 9, 2019
12. Employer's Response to Show Cause Order, April 19, 2019
13. Order of Referral to the Compliance Unit for the Potential Imposition of Penalties, April 25, 2019
14. Request for Expedited Hearing, April 30, 2019
15. Order Staying Request for Expedited Hearing, May 1, 2019
16. Order, May 9, 2019
17. Mr. Glenn's position statement
18. Sears's position statement, June 6, 2019
19. Motion to Continue Hearing, June 17, 2019
20. Agreed Order of Substitution of Counsel, June 19, 2019
21. Order on Status Conference, June 20, 2019

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 29, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Terrance Glenn, Self-represented employee | X | | X | terranceglenn6@gmail.com; 1444 Bell Trace Dr. Antioch, TN 37013 |
| James Tucker, Employer's attorney | | | X | Jtucker@manierherod.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

5